IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN

DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| FELIX CHARLES BOOKER,<br><br>       Plaintiff,<br><br>vs.<br><br>MICHAEL A. LAPAGLIA, MD; METHODIST MEDICAL CENTER OF OAK RIDGE; TEAM HEALTH, INC.; SOUTHEASTERN EMERGENCY PHYSICIANS, INC.; TAMMY JONES, RN; PAUL WHITE; DAVID BEAMS; CITY OF OAK RIDGE; ANDERSON COUNTY; DANIEL R. STEAKLEY; LEWIS RIDENOUR; and JERRY SHELTON,<br><br>       Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 3:11-cv-126 |

      Plaintiff Felix Charles Booker filed suit against the Defendants in the above-captioned matter following an incident in which Mr. Booker was arrested and searched for drugs. Mr. Booker contends that the Defendants deprived Mr. Booker of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. Mr. Booker also asserts a number of claims under Tennessee state law.

      The Defendants have filed several motions that are currently pending before the court. There are three motions for summary judgment that were filed by the police officers and the entities that employ them: (1) a Motion to Dismiss and Motion for Summary Judgment filed by Defendant Lewis Ridenour (Dkt. No. 25); (2) a Motion for Summary Judgment filed by

Defendants Jerry Shelton, Paul White, and Anderson County, Tennessee (Dkt. No. 32); and (3) a Motion for Summary Judgment filed by Defendants Daniel R. Steakley, David Beams, and the City of Oak Ridge, Tennessee (Dkt. No. 57). Four motions for summary judgment were filed by medical groups and their employees: (4) a Motion for Summary Judgment filed by Defendant Michael A. LaPaglia, M.D. (Dkt. No. 66); (5) a Motion for Summary Judgment filed by Defendants Methodist Medical Center of Oak Ridge (Methodist Medical Center) and Tammy Jones, R.N. (Dkt. No. 69); (6) a Motion for Summary Judgment filed by Defendant Team Health, Inc. (Team Health) (Dkt. No. 86); and (7) a Motion for Summary Judgment filed by Defendant Southeastern Emergency Physicians, Inc. (Southeastern) (Dkt. No. 88). Dr. LaPaglia and Nurse Jones have also requested leave to file supplemental motions for summary judgment (Dkt. Nos. 91 & 95).

BACKGROUND

This lawsuit arises out of an incident that occurred on February 12, 2010. The facts in this case are amply described by the Honorable H. Bruce Guyton in a Report and Recommendation that he issued on Mr. Booker's Motion to Suppress in the criminal case that resulted from this incident. United States v. Booker, 3:10-cv-44, Dkt. No. 38 (E.D. Tenn. Oct. 7, 2011). Magistrate Judge Guyton's opinion was later affirmed by the Honoroble R. Leon Jordan. Id., Dkt. No. 47. In brief, Officer Daniel Steakley arrested Mr. Booker after a traffic stop in which Officer Steakley found marijuana in Mr. Booker's car. Officer Lewis Ridenour then took Mr. Booker to the Oak Ridge Police Department and later to the Anderson County Detention Facility, where Officer Jerry Shelton performed a strip search. On the suspicion that Mr. Booker was concealing narcotics in his rectum, the officers took Mr. Booker to Methodist Medical

Center. At the hospital, Dr. LaPaglia performed a digital rectal exam on Mr. Booker, to which Mr. Booker claims he did not give his consent. Dr. LaPaglia ultimately administered a large dose of a paralytic agent to Mr. Booker in order to remove a foreign object from Mr. Booker's rectum, which turned out to be a large rock of crack cocaine weighing 10.2 grams.

Mr. Booker was charged with possession with intent to distribute. During his criminal case, Mr. Booker filed a motion to suppress in which he claimed that the police officers and the medical staff violated his Fourth Amendment right to be protected from unreasonable searches and seizures. Magistrate Judge Guyton denied Mr. Booker's motion and wrote a lengthy Report and Recommendation. Judge Jordan affirmed the Report and Recommendation and also issued his own opinion, in which he reviewed de novo Mr. Booker's allegations. A jury then found Mr. Booker guilty of the possession charge, and sentenced him to sixty months in prison. Mr. Booker appealed his sentence to the Sixth Circuit, which held oral argument in early October 2012. See United States v. Felix Booker, No. 11-6311 (6th Cir. 2012). The circuit court has not yet issued its opinion in the matter.

## ANALYSIS

**A. Claims that the Court Will Stay**

On October 24, 2012, the court held a hearing on the motions for summary judgment that are currently pending. The parties agreed that, under the Supreme Court case of Heck v. Humphrey, 512 U.S. 477 (1994), many of Mr. Booker's claims in this case were dependent on the Sixth Circuit's decision in the appeal of Mr. Booker's criminal conviction. In Heck, petitioner Roy Heck was convicted and sentenced for voluntary manslaughter. Id. at 478. While Heck's appeal from his criminal conviction was pending, he filed a § 1983 suit for damages that

3

alleged the county prosecutors and a police investigator conducted an "unlawful, unreasonable, and arbitrary investigation" that included the illegal destruction of evidence that was allegedly exculpatory in nature. Id. at 479. The federal district court and the Seventh Circuit Court of Appeals dismissed Heck's § 1983 claims because both courts perceived the suit as a collateral challenge in a civil proceeding to the legality of Heck's criminal conviction. See id. at 479-80. On grant of certiorari, the Supreme Court held, "In order to recover damages for [an] allegedly unconstitutional conviction . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

Under Heck, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action would not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

Mr. Booker's claims, including his assertions that his arrest and subsequent search were unreasonable and were conducted without probable cause, are directly connected to his subsequent conviction. As a result, many of Mr. Booker's claims are likely barred by Heck unless the Sixth Circuit overrules the judgment of the district court. But the court need not conduct a Heck analysis for each claim at this time, because the Sixth Circuit has not yet reached its decision. See Wallace v. Kato, 549 U.S. 384, 393-94 (2007) (holding that when a suit is filed

while a criminal case is still pending, "it is within the power of the district court, and in accordance with common practice, to stay the civil action until the criminal case . . . is ended.").

The court finds that the best course of action is to stay the case until the Sixth Circuit has issued its ruling. At that time, the court will be better equipped to address the issues raised by the holding in Heck and the doctrine of collateral estoppel. Because the issue of qualified immunity also depends to some extent on the Sixth Circuit's holding, the court declines to address the Defendant's arguments about qualified immunity at this time.

**B. Federal Claims that the Court Will Dismiss**

There are a number of claims that the court can dismiss immediately since they do not depend on any of the issues that are currently before the Sixth Circuit. First, the claims against Sheriff Paul White and Police Chief Daniel Beams in their official capacities are redundant, since Mr. Booker has sued Anderson County and the City of Oak Ridge. As a result, these claims are dismissed. The federal claims under § 1983 against Methodist Medical Center, Southeastern, and Team Health are also dismissed because these entities are not state actors and there is no vicarious liability under § 1983. Monell v. Dep't of Soc. Services of City of New York, 436 U.S. 658, 691 (1978); see also Street v. Corrections Corp. of America, 102 F.3d 810, 818 ("[E]very circuit to consider [this] issue has extended the holding [of Monell] to private corporations as well.") (citation omitted).

The court also dismisses the federal claims against Nurse Jones because it finds that she is not a state actor. "[T]he Fourth Amendment proscribes only governmental action and does not apply to a search or seizure, even an unreasonable one, conducted by a private individual not acting as an agent of the government." United States v. Lambert, 771 F.2d 83, 89 (6th Cir.1985).

5

Moreover, "[a] person will not be acting as a police agent merely because there was some antecedent contact between that person and the police." Id. Rather, to trigger Fourth Amendment protection under an agency theory, "the police must have instigated, encouraged, or participated in the search," and "the individual must have engaged in the search with the intent of assisting the police in their investigative efforts." United States v. Robinson, 390 F.3d 853, 871-72 (6th Cir. 2004). All of Nurse Jones's actions of which Mr. Booker complains were performed at the request of Dr. LaPaglia and not at the request of the police. While Mr. Booker argues that he has not yet been allowed to conduct any discovery in the matter, the court cannot see how any discovery would change its ruling in this matter. Given Nurse Jones's position and the facts of the case, the connection between Nurse Jones and the police is too attenuated to find that she was a state actor.

**C. State Law Claims that the Court Will Dismiss**

The court will also dismiss some of Mr. Booker's state law claims. First, Mr. Booker has brought a cause of action for violations of the Tennessee Constitution against all of the individual defendants. But Tennessee does not recognize a private right of action for violations of the Tennessee Constitution. Cline v. Rogers, 87 F.3d 176, 180 (6th Cir. 1996); Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n, 15 S.W.3d 434, 444-45 (Tenn. Ct. App. 1999). Mr. Booker argues that Tennessee Code § 40-7-121 operates on the Tennessee Constitution in a similar way as 42 U.S.C. § 1983 operates on the U.S. Constitution by creating a private cause of action for damages for violations of that document. The court is not persuaded by this argument, as it finds no support for this reasoning in either the text of the statute or in cases decided by Tennessee courts. As a result, Mr. Booker's claims arising under the Tennessee Constitution are dismissed.

6

Mr. Booker has alleged that the actions of the individual defendants and of Anderson County and the City of Oak Ridge violated two provisions of the Tennessee Code: Tenn. Code Ann. § 40-7-121 and Tenn. Code Ann. § 29-20-101. The court declines to address the merits of these arguments at this time, but holds that Dr. LaPaglia and Nurse Jones cannot be liable under Tenn. Code Ann. § 29-20-101 because they are not governmental entities or employees of those entities as defined by Tenn. Code. Ann. § 29-20-102(3).

Finally, Mr. Booker has asserted causes of action for false arrest and imprisonment, medical battery, assault and battery, and intentional infliction of emotional distress. Mr. Booker has asked the court to decline to exercise its supplemental jurisdiction over these common law claims and over the state statutory claims discussed above. The court finds that Mr. Booker's argument is premature, since many of these claims are closely intertwined with the issues that are currently before the Sixth Circuit. Once the circuit court issues its ruling, Mr. Booker may renew his request to have these causes of action dismissed without prejudice by this court so that he may bring them in state court.

ORDER

For the reasons discussed above, the several motions for summary judgment (Dkt. Nos. 25, 32, 57, 66, 69, 86 and 88) are all GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART. The court dismisses Daniel Beams and Paul White from this action, and holds that any federal claims against Methodist Medical Center, Southeastern, Team Health, and Nurse Jones are also dismissed. The court further dismisses any claims for violations of the Tennessee Constitution and dismisses the claims against Dr. LaPaglia and Nurse Jones for violations of Tenn. Code Ann. § 29-20-101. The remaining claims in this case are stayed

pending the resolution of Mr. Booker's appeal in his criminal case that is currently before the Sixth Circuit. At that time, any party may renew its arguments that the court here denies without prejudice by filing an appropriate motion.

Dr. LaPaglia has filed a motion for leave to supplement his motion for summary judgment (Dkt. No. 91). Nurse Jones and Methodist Medical Center have filed a similar motion (Dkt. No. 95). These motions are DENIED AS MOOT, as is Mr. Booker's motion for permission to file an unsigned affidavit (Dkt. No. 79). Finally, the court GRANTS the motion of Nurse Jones and Methodist Medical Center to file an amended answer.

The court orders the parties to submit a notice when the Sixth Circuit has issued its opinion. At that time, the court will set the matter down for a scheduling conference.

SO ORDERED this 29th day of October, 2012.

BY THE COURT:

*Tena Campbell*

_____
TENA CAMPBELL
United States District Judge