UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| FELIX CHARLES BOOKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:11-CV-126 |
| ) | (CAMPBELL/SHIRLEY) |
| V. ) | |
| ) | |
| MICHAEL A. LAPAGLIA, M.D., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 76] referring Plaintiff's First Motion for Clarification and Memorandum in Support Thereof [Doc. 73] to the undersigned for disposition or report and recommendation as may be appropriate.

On October 30, 2012, the Court ruled on a number of pending dispositive motions. In her Memorandum Opinion, District Judge Tena Campbell dismissed a number of claims based upon federal and state law, and she ordered the remaining claims be stayed pending disposition of an appeal to the Court of Appeals in United States v. Booker, the criminal case underlying the instant case. Judge Campbell stated: "The court orders the parties to submit a notice when the Sixth Circuit has issued its opinion. At that time, the court will set the matter down for a scheduling conference." [Doc. 97 at 8].

On June 21, 2013, the Plaintiff filed a Motion for Clarification of Case Status and Scheduling Order. [Doc. 120]. The parties appeared before the Court on August 8, 2013, to address this motion. Neither Plaintiff's counsel nor Defendants' counsel asked the undersigned

to lift the stay in this case, and counsel for all of the Defendants affirmed that their understanding was that the entire case was stayed. Attorney Peter Alliman, counsel for the Plaintiff, did not contest this understanding, and Mr. Alliman agreed that he would notify the Court through CM/ECF when the Court of Appeals issued its decision in <u>United States v. Booker</u>.

Attorney Dan Rader, counsel for Defendant Lewis Ridenour, stated that, because the Court of Appeals has not yet rendered its decision, there is little likelihood that the case can be prepared for trial in December. As such, he inquired as to whether the Court should vacate the current trial setting of December 3, 2013. The Court found that any request to vacate the trial date was premature at this time, but the Court acknowledged that the Court will entertain a request that the trial be delayed after the Court of Appeals issues its decision.

Based on the foregoing, the Court finds that the Motion for Clarification **[Doc. 120]** is well-taken, and it is **GRANTED**. The Court hereby **CLARIFIES** its previous Orders [Doc. 54, 97], by stating this case is **STAYED IN ITS ENTIRETY,** pending decision by the Court of Appeals. Thus, all discovery and pretrial deadlines are **STAYED**.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge